33577. GEORGIA RAILROAD & BANKING CO. *v.* FULMER.

Decided June 9, 1951.

*Stevens & Stevens,* for plaintiff in error.

*Randall Evans Jr.,* contra.

Felton, J. Floyd Fulmer sued the Georgia Railroad & Banking Company alleging in his amended petition that defendant is a railroad company incorporated under the laws of this State, and has leased its line of railroad to the Atlantic Coast Line Railroad Company and the Louisville & Nashville Railroad Company; that defendant railroad maintains an agency office and agent in Thomson, McDuffie County, Georgia; that on the 30th day of January, 1950, plaintiff was severely injured at Thomson, McDuffie County, Georgia, in the course of his employment as a flagman on Freight Train No. 23, while switching in the yards at said place and that such injuries were proximately caused by the negligent operation of the train by the engineer of such train and by defendant; that the lease between defendant and its lessees has not been recorded in the office of the Clerk of McDuffie Superior Court as required by Georgia Laws of 1899, p. 54, § 94-319 of the Georgia Code of 1933. The court overruled the general demurrer to the amended petition and defendant excepted.

1. Assuming for the sake of argument, but not deciding, that the petition alleges plaintiff to be an employee of one of defendant's lessees and that plaintiff's injuries were caused by the negligence of a co-employee of that lessee, the defendant is not absolved of liability for that reason. Code § 94-319 requires a lease of a railroad to be recorded in the clerk's office of the superior court in each county through which the leased line of road may run. Code § 94-320 provides: "A failure or refusal to comply with section 94-319 will authorize any person, including any employee of the same, having a right of action

against said railroad company to file and prosecute said action against said railroad company or against the lessees of its property or line of road in all respects as if it were the proper party defendant, and no plea or other defense attempting to shift liability to such lessee or denying control or possession of such property or line of road filed either to the suit of a person belonging to the general public or to a suit filed by an employee as aforesaid, shall avail to protect against liability any such railroad company failing or refusing to record as provided in the preceding section." Plaintiff in error makes the plausible contention that Code § 94-319 is merely a recording statute in the nature of recording statutes for deeds, etc., and that actual notice of the lease by the plaintiff denies him the benefit of Code § 94-320. (Plaintiff in error contends that plaintiff is presumed to know for whom he works and that by knowing he works for a lessee, he knows of the lease.) Assuming, but not deciding, that plaintiff is presumed to know by whom he is employed and that because of such employment he has actual notice of the lease, actual notice of the lease by plaintiff would not deny him the right given him under Code § 94-320. In the recording statutes for deeds, etc., the legislature has expressly provided for actual notice where failure to record occurs (see Code §§ 29-401, 67-1305, 67-2501) but in Code §§ 94-319 and 94-320 nothing is provided concerning actual notice and this court cannot legislate such into these Code sections. The failure to record the lease in McDuffie County gave the plaintiff a right of action against the lessor railroad for injuries sustained in McDuffie County even though he and the alleged co-employee were employees of one of the lessees. *Central of Georgia Ry. Co. v. Leonard*, 49 *Ga. App.* 689, 698, 699 (176 S. E. 137).

2. The ruling in the case of *Banks* v. *Georgia R. & Banking Co.*, 112 *Ga.* 655 (37 S. S. 992), cited by plaintiff in error, is not applicable to the instant case as the alleged cause of action in the *Banks* case arose on May 23, 1899, while the act (Ga. L. 1899, p. 54; Code § 94-320), was not approved and did not become law until December 20, 1899.

The court did not err in overruling the general demurrer.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*